IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS BARGER,

          Petitioner,

    v.

KIMBERLY HENDRICKS,

         Respondent.

Case No. 6:20-cv-00428-SI

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Kristen E. Boyd, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

      Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Washington County criminal Judgment dated December 30, 2013. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

<u>**BACKGROUND**</u>

On September 26, 2013, Petitioner visited a Fred Meyer store in Beaverton where he verbally accosted a salesclerk. The clerk alerted loss prevention employees Matthew Boner and Joey Morgado as to her encounter, prompting them to actively monitor Petitioner's activities inside the store. Boner and Morgado observed Petitioner take a pair of socks and a case of beer and leave without paying for the items. They followed Petitioner outside where Boner identified himself and asked Petitioner about the stolen merchandise. Petitioner dropped the case of beer but continued to walk away with the pair of socks.

Boner followed Petitioner and, according to Boner, once the two had walked slightly past the beer on the ground, Petitioner pulled out a silver knife which he swung open in a single-handed motion. Petitioner held the knife at chest height and told Boner he would not relinquish the socks. Respondent's Exhibit 103, pp. 55, 59-60, 74, 89. Morgado witnessed what was happening and was able to knock Petitioner to the ground, at which point Petitioner dropped the socks as well as the knife. Boner grabbed the socks, and Petitioner pocketed the knife. Petitioner then picked up two of the beers from the ground, walked back past Boner and Morgado, and threw one of the beer cans at Morgado,

striking his foot. Petitioner proceeded to walk away while drinking the other beer.

Morgado and Boner contacted the authorities while continuing to follow Petitioner. Approximately 30 minutes later, the police apprehended Petitioner and found a silver knife in his pocket. The knife had a loose hinge which allowed it to be opened with "a little flick of the wrist." *Id* at 132-33; Respondent's Exhibit 104, p. 23. Both Boner and Morgado identified the knife as the one Petitioner brandished during the confrontation. As a result of the foregoing, the Washington County Grand Jury charged Petitioner with Robbery in the First Degree and Unlawful Use of a Weapon as to Boner, and Robbery in the Third Degree as to Morgado. Respondent's Exhibit 102.

The case proceeded to trial where Morgado and Boner testified as to the above. Petitioner's defense revolved around his contention that he never brandished a knife during the encounter. To support this claim, the defense called three patrons from a Starbucks located directly in front of the confrontation. Aaron Hadley testified that he was sitting outside the Starbucks and had not seen a knife, but also testified that he had turned around and did not see what had caused Petitioner fall to the ground. Respondent's Exhibit 103, pp. 108, 112. Hadley heard Petitioner use combative language and saw him advance on Boner and Morgado. *Id* at 103, 106-07. He "couldn't see [Petitioner's] right hand" but was "aware that his hands were moving in an abnormal fashion like hurried kind of." *Id* at 113.

3 – OPINION AND ORDER

Like Hadley, Elizabeth McBride testified that she was outside of the Starbucks and did not see a knife in Petitioner's hand. Respondent's Exhibit 104, p. 8. However, she also testified that Petitioner's back was turned to her during the altercation so she was unable to see whether he had anything in his hands, nor could she discern what caused him to fall to the ground. Respondent's Exhibit 104, pp. 8, 10-11.

As for the third Starbucks witness, Ali Al-Abbas was seated inside the store. He testified that he saw two people confront Petitioner, one of them pushed Petitioner to the ground, but Al-Abbas never saw a knife in Petitioner's hand. *Id* at 16-17, 19. He testified that after Petitioner was knocked to the ground, "he stand up and he try and like get a fight, you know . . . he was trying to get a fight." *Id* at 17.

Defense counsel conceded that Petitioner was guilty of Robbery in the Third Degree ("Robbery III") because he threw the beer at Morgado, but challenged the Robbery in the First Degree ("Robbery I") and Unlawful Use of a Weapon charges on the basis that Petitioner had never shown his knife to Boner in an attempt to retain the stolen property. According to the defense, not only did the three disinterested witnesses from Starbucks testify that they never saw Petitioner wield a knife, but Boner and Morgado both had a motive to lie about the presence of a knife so as not to lose their jobs. Fred Meyer had a use-of-force policy that allowed its loss prevention officers to use force against a shoplifter only if there was a serious danger to a customer or an employee. Respondent's Exhibit 103, p. 98. If

there were no knife and, thus, no real threat of danger to Morgado and Boner, then Morgado would not have been justified in forcing Petitioner to the ground. Consistent with this theme, counsel was able to elicit testimony from Morgado that Fred Meyer had, indeed, fired him for his use of force stemming from the incident involving Petitioner. *Id.*

The jury, unpersuaded, convicted Petitioner of all charges. The trial court merged the Unlawful Use of a Weapon conviction with the Robbery I conviction and sentenced Petitioner to a 90-month mandatory minimum prison term as well as a three-year term of post-prison supervision. With respect to the Robbery III conviction, the trial court imposed a concurrent six-month prison term and levied two additional years of post-prison supervision. Respondent's Exhibit 104, pp. 97-100.

Petitioner took a direct appeal where he obtained partial relief regarding an attorney fee issue not relevant to this habeas corpus case. The Oregon Court of Appeals otherwise affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Barger,* 274 For. App. 190, 359 P.3d 1241, *rev. denied,* 358 Or. 527, 366 P.3d 1168 (2015).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR court denied relief on his claims. Respondent's Exhibit 125. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Barger v. Fhuere,* 300 Or. App. 403, 450 P.3d 1048 (2019), *rev. denied,* 366 Or. 97, 455 P.3d 926 (2020).

On March 16, 2020, Petitioner filed this habeas corpus case asserting that trial counsel was ineffective for failing to request a lesser-included jury instruction on Robbery III as to Petitioner's conduct pertaining to Boner (Ground One), and for failing to to adequately object to hearsay testimony (Ground Two). Respondent asks the Court to deny relief on the Petition because: (1) Petitioner failed to fairly present Ground Two to Oregon's state courts, leaving it procedurally defaulted; and (2) the PCR court's decision denying relief on Ground One was not objectively unreasonable.

## DISCUSSION

### I.    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

///

## II.  <u>Unargued Claim</u>

With the assistance of appointed counsel, Petitioner provides argument on his Ground One claim that trial counsel should have requested a lesser-included jury instruction of Robbery III with respect to the first-degree charge pertaining to Boner. He does not, however, argue the merits of his Ground Two claim regarding counsel's alleged failure to object to hearsay testimony, nor does he respond to Respondent's contention that the claim is not adequately preserved for habeas corpus review. In this respect, he has not carried his burden of proof with respect to Ground Two. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). Even if Petitioner had briefed the merits of this claim, the Court does not find from its review of the record that it would entitle Petitioner to habeas corpus relief.

## III.  <u>Ground One: Failure to Request Robbery III Instruction</u>

In Oregon, a criminal defendant is entitled to a lesser-included instruction if it is supported by the evidence. *State v. Chapman,* 209 Or. App. 771, 777 (2006). A person commits Robbery in the Third Degree in Oregon if he attempts to commit theft and either uses or threatens the immediate use of physical force so as to facilitate the taking of the property or to retain the property immediately after the taking. ORS 164.396. As Ground One, Petitioner asserts that his trial attorney rendered ineffective assistance when he chose not to seek a lesser-included jury instruction of Robbery in the Third Degree where the facts and law warranted the instruction.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During Petitioner's PCR action, his trial attorney submitted a Declaration explaining his rationale for not requesting a lesser-included instruction:

> In response to Mr. Barger's first claim for
> relief, it is true that I did not request a
> jury instruction for Robbery in the Third
> Degree as a lesser-included offense for the
> first degree charge. The defense theory was
> that petitioner never took his knife out or
> brandished it toward the loss prevention
> officers, thus, he did not use any force
> before he was knocked down. A lesser
> included instruction would not have fit with
> the defense theory of the case. I am aware
> that, in some circumstances, it is
> appropriate to request a lesser-included
> instruction. I have asked for lesser-
> included instructions in other trial cases.
> However, in this case, I believed that such
> a request would undermine the essential
> theory on which the defense relied.

Respondent's Exhibit 122, pp. 1-2.

The prosecutor from Petitioner's trial submitted his own Declaration during the PCR proceedings:

> Petitioner's first claim is that his
> attorney should have requested a lesser
> included jury instruction of Robbery in the
> Third Degree as to count 1. If he had done
> so, I would have objected on the grounds
> that there was no evidence to support that
> instruction. The victim(s) testified that
> the defendant's use of force as to count 1
> was his brandishing of a knife. The
> defendant, conversely, testified that he did
> not use a knife. Because the only force that
> petitioner purportedly used was the knife,
> and no other force existed to satisfy the
> elements of Robbery 3 in count 1, a lesser-
> included instruction as to that count would
> have been inappropriate.

Respondent's Exhibit 123, pp. 1-2.

At the conclusion of the PCR hearing, the judge orally denied relief on Petitioner's Ground One claim as follows:

10 – OPINION AND ORDER

> The defense was that the petitioner never used any force, never took the knife out of his pocket. There is no – that is the force that was ple[]d and alleged and proven so Robbery Three was inconsistent since it required the use of some force, and the only force ever testified to on that count was the knife.
>
> So it would have been an inconsistent defense and a reasonable strategic decision not to argue and request that lesser included.

Respondent's Exhibit 124, pp. 17-18. The trial judge followed up with a written judgment consistent with the oral findings, concluding that Petitioner not only denied ever taking the knife out of his pocket, but "denied even whatever force was necessary for a Rob III. There was no factual basis to support Rob III." Respondent's Exhibit 125, p. 2.

Petitioner argues that the PCR court's decision was objectively unreasonable because the evidence at trial did, in fact, support a lesser-included instruction for Robbery in the Third Degree. Specifically, he claims that the three disinterested witnesses from the Starbucks, aside from testifying that they did not see Petitioner wield a knife, offered other evidence that Petitioner threatened the use of force that could have supported a Robbery III conviction: (1) Al-Abbas testified that Petitioner confronted Boner and Morgado and tried to engage them in a fight; (2) Hadley heard Petitioner use combative language and saw him advance on Boner and Morgado, prompting the pair to move backward; and (3) Boner testified that Petitioner was verbally aggressive and

threatening and threw a can of beer toward both Morgado and him which ended up striking Morgado. Petitioner reasons that where the defense theory was that Petitioner never brandished a knife, it was incumbent upon him to request a lesser-included instruction on Robbery III that squarely fit with the facts as the defense presented them. He believes that counsel's failure to do so needlessly enhanced his risk of an unwarranted conviction on the Robbery I charge.

Faced with this record, the PCR court specifically determined that Petitioner's case presented no factual basis to support Robbery III under Oregon law. Respondent's Exhibit 125, p. 2. This Court is required to defer to the PCR court's interpretation of Oregon state law on this point. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Where the facts of Petitioner's case did not support an instruction for Robbery in the Third Degree, counsel's performance did not fall below an objective standard of reasonableness when he declined to request such an instruction. For the same reasons, Petitioner cannot establish prejudice.[1] Accordingly, the PCR court's decision to

---

[1] Even assuming the trial judge had found a Robbery III instruction appropriate under the facts of Petitioner's case, there are two additional reasons Petitioner cannot establish prejudice. First, the jury specifically concluded that he brandished a knife when it convicted him of Unlawful Use of a Weapon in the incident involving Boner, therefore it would not have convicted him of the lesser offense of Robbery III. Also, ORS 136.460(2) explicitly forbids Oregon juries from considering lesser-included offenses without first reaching an agreement to acquit a criminal defendant of the more serious charge (which, of course, the jury did not do in this case). Petitioner claims that *Crace v. Herzog,* 798 F.3d 840 (9th Cir. 2015), spoke to this issue and found the absence of a lesser-included instruction prejudicial

deny relief on Ground One was neither contrary to, nor an unreasonable application of, clearly established federal law.

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

July 7, 2022
DATE

Michael H. Simon
United States District Judge

---

in that case because such an instruction would have allowed the Washington jury to weigh the charges against each other and potentially "conclude that the evidence presented was a better fit for the lesser included offense." *Id* at 747. *Crace* did not involve any law equivalent to ORS 136.460(2) which unambiguously prohibits analysis of this kind by an Oregon jury.

13 – OPINION AND ORDER